**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| | ) | Criminal No. 12-10344-PBS |
| v. | ) | |
| | ) | |
| STANLEY GONSALVES, | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

May 30, 2014

Saris, U.S.D.J.

Defendant Stanley Gonsalves is charged with various counts related to an alleged conspiracy to distribute oxycodone throughout the Cape Cod region and to launder profits derived from the enterprise. Defendant moves to suppress evidence of intercepted wire communications between him and an alleged co-conspirator, John Willis. He asserts that the Court lacked territorial jurisdiction to authorize interception of Willis's communications because Willis was no longer in Massachusetts at the time of the recorded conversations.

Pursuant to Title III of the Omnibus Crime Control and Safe Streets Act of 1968, a federal judge may enter an ex parte order "authorizing or approving interception of wire, oral, or electronic communications within the territorial jurisdiction of the court in which the judge is sitting (and outside that

1

jurisdiction but within the United States in the case of a mobile interception device authorized by a Federal court within such jurisdiction." 18 U.S.C. § 2518(3). On December 30, 2010, a judge of this Court approved a warrant to wiretap John Willis's phone. The defendant argues that the District of Massachusetts did not have jurisdiction to authorize interception of Willis's phone in December 2010, since the government's application for a wiretap stated that Willis had left Massachusetts and likely absconded to Florida. Aff. ¶ 19, ¶ 87.

The case law does not support this argument. Multiple appellate courts have held that section 2518(3)'s territorial jurisdictional requirement is satisfied if either the intercepted device (here, Willis's cellular phone) or the listening post is present in the Court's jurisdiction (here, Massachusetts). United States v. Luong, 471 F.3d 1107, 1109 (9th Cir. 2006); United States v. Denman, 100 F.3d 399, 403 (5th Cir. 1996); United States v. Rodriguez, 968 F.2d 130, 136 (2d Cir. 1992). The affidavit supporting the government's wiretap application states that, "all interceptions over the target telephone will automatically be routed to a central monitoring plan located in Boston, Massachusetts" and "all monitoring will be performed" in Boston. Aff. ¶ 133. Because the listening post was in Massachusetts, the District of Massachusetts had

jurisdiction to authorize interception of Willis's mobile phone, even if he resided in Florida when he called the defendant.

Defendant's motion to suppress evidence of wire communications (Docket No. 170) is **DENIED**.

/s/ PATTI B. SARIS
Patti B. Saris
Chief United States District Judge